**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| SUBLIME SYSTEMS, INC., | |
| *Plaintiff*, | |
| v. | No. 26-458<br>Judge Kaplan |
| THE UNITED STATES, | |
| *Defendant*. | |

**DEFENDANT'S PARTIALLY OPPOSED MOTION
FOR AN ENLARGEMENT OF TIME TO FILE A RESPONSE**

Pursuant to Rules 6(b), 6.1, and 7(b) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that the Court grant a 40-day enlargement of time to respond to the complaint filed by plaintiff, Sublime Systems, Inc. Defendant's response is currently due May 22, 2026. This is defendant's first request for an enlargement of time. On Thursday, May 21, 2026, counsel for plaintiff consented to a 14-day enlargement of time but indicated that plaintiff opposes a 40-day enlargement of time.

Good cause exists for an enlargement of time in this matter. Defendant has provided the Department of Energy (DOE) with the complaint and engaged with DOE to facilitate DOE's assessment of the issues and a suggested response to the complaint. Additional time, however, is needed for both DOE and undersigned counsel to investigate the allegations in the complaint and to evaluate the legal issues and theories in the complaint. Thus, although undersigned counsel has endeavored to prepare a response by the initial deadline, more time is sought to determine an

appropriate response to the complaint, prepare a draft, coordinate both agency review and internal mandatory review, and then file our response.

In addition to defendant's internal steps to prepare a response, defendant has also actively engaged with plaintiff since it filed its complaint. Counsel for plaintiff and defendant have conferred in good faith over the past weeks to consider and potentially resolve multiple issues— all of which have similarly required an investment of defendant's resources and distinct procedural reviews. These include discussions surrounding a potential protective order or confidentiality agreement in this case, whether the parties might reach agreement on the scope and content of an amended complaint, and initial discussions into whether settlement might be feasible and, if so, the value of such a settlement. In these discussions, defendant has consistently informed plaintiff that an extension of time for our response would likely be requested, barring alternate agreement. Accordingly, though defendant seeks additional time to respond to the complaint, this additional time is not sought due to the neglect of any information gathering by undersigned counsel or DOE, nor through failure to collaborate with plaintiff in this matter.

Undersigned counsel specifically has been further impeded by a number of deadlines and obligations that have impacted the ability to prepare a response within the initial time. Recent deadlines include the close of fact discovery on April 30, 2026 in *Sygnos, Inc. v. United States*, Fed. Cl. No. 24-1820; filing an answer on May 1, 2026 in *Alaska Tribal Spectrum v. United States*, Fed. Cl. No. 25-1610; filing a summary judgment motion on May 4, 2026 in *Intelligent Investments, Inc. v. United States*, Fed. Cl. No. 18-1221, the filing of a response brief in *Ortiz v. Collins*, 26-1066 on May 4, 2026; engaging in active settlement discussions in *Pernix Guam, Inc. v. United States*, Fed. Cl. No. 23-1210 and *Walden Security*, CBCA 8454; as well as many other

existing obligations and procedural filings.  Similarly, there are a number of upcoming deadlines that have already hindered progress, and project to continue to do so, including a 24,000-word response brief due May 27, 2026 in *OCP S.A., et al., v. United States*, CIT No. 24-227; an administrative record deadline on May 28, 2026 in *SOS International, Inc. v. United States*, Fed. Cl. No. 26-546; and a summary judgment reply brief due June 15 in *Intelligent Investments*, Fed. Cl. No. 18-1221.  Moreover, undersigned counsel has previously scheduled leave from June 13-21, making a shorter 30-day enlargement—which would have a filing deadline of June 22—impracticable.

For these reasons and for good cause shown, we respectfully request that the Court grant this motion for an enlargement of time for 40 days, to and including July 1, 2026, to file a response to plaintiff's complaint.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

CORINNE A. NIOSI
Assistant Director

/s/ Matthew D. Lewis
MATTHEW D. LEWIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
(202) 880-6321
matthew.lewis@usdoj.gov

Dated: May 21, 2026                     Attorneys for Defendant