**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

SUBLIME SYSTEMS, INC.,

*Plaintiff*,

v.

UNITED STATES OF AMERICA,

*Defendant*.

Case No. 26-458-C

**JOINT STATUS REPORT**

Pursuant to the Court's scheduling order (Dkt. No. 25), Plaintiff Sublime Systems, Inc. and the United States respectfully submit this joint status report regarding the discovery that the parties have conducted in the preceding 30 days and any matters requiring the Court's intervention.

**Sublime's Position**

The government is refusing to comply with its basic discovery obligations and the schedule that this Court has set in this matter. The government has repeatedly delayed responding to Sublime's discovery requests, and now the government is refusing to even meet and confer with Sublime until some indefinite date in the future. The upshot is that, as of today, The government has not produced *a single document* in response to Sublime's requests for production (served nearly two months ago), it has provided no timeline by which productions will be completed, and it is refusing to search for core documents related to the May 2025 mass termination at the heart of this case.

Sublime anticipates filing a motion to compel within the next 48 hours given the government's ongoing conduct, absent corrective actions from it, and will provide more details on the relevant issues in any such motion. Below Sublime provides a brief summary of developments since the last status report, consistent with the Court's direction to provide monthly updates on the progress of discovery.

On September 14, Sublime served its first set of requests for production and interrogatories, seeking basic information about who was involved in the decision to terminate Sublime's $87 million cooperative agreement, the process that led to the May 2025 mass termination, and the reasons why the Department of Energy decided to terminate Sublime's award.

Following a one-week extension to which Sublime consented, the government produced written responses to the RFPs on October 21. The government did not specify (and still has not specified) any timeline for productions, in violation of RCFC 34(b)(2)(B), which requires that productions "must . . . be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."

The government's written responses to the RFPs further indicated that it would not search for and produce vast swaths of documents directly relevant to Sublime's claims. For instance, the government seemed to indicate that it would search only for documents mentioning Sublime specifically, and not documents regarding the May 2025 mass termination that did not mention Sublime by name. For documents that do mention Sublime by name, the government would cut off its search at May 31, 2025, even though Sublime's administrative appeal and conversations with DOE about possibly reinstating the award lasted well beyond then. The government also appears unwilling to search for records from DOGE and OMB custodians, no matter their level

of involvement in Sublime's termination. The government imposed a number of other restrictions on its searches, which Sublime will detail in its forthcoming motion to compel.

On November 1, Sublime emailed the government a letter outlining the deficiencies in its written RFP responses, and Sublime requested to meet and confer by November 5. Government counsel refused to meet and confer by that date and instead stated that the government would not meet and confer until it issued a written response to Sublime's deficiency letter. No such written response has been provided as of this filing.

Earlier today, on a call between counsel, the government again reiterated its position that it would not meet and confer on anything related to the RFPs until some unspecified point in the future, after the government provided its written response to Sublime's deficiency letter. This was in response to a question from Sublime's counsel seeking to clarify whether the government's position, suggested in its written RFP responses, is that it will only search for and produce documents that mention Sublime by name. Sublime's counsel explained that it wished to inform the Court in this status report of that position if accurate, but the government would not respond to the question. On that same call, government counsel indicated that the government would aim to send an initial production by Wednesday, November 18, but said the production would be small, gave no timeline for subsequent productions, and said it would be "impossible" to agree to a schedule for completing productions.

The above facts demonstrate the lengths to which the government has gone to delay progress on discovery and stonewall Sublime's requests.[1] The government still has yet to

[1] The government failed to timely respond to Sublime's interrogatories as well. Those responses were initially due on October 14, but Sublime consented to two 7-day extensions. Then, on the day on which the responses were due under the second extension, the government served objections to Sublime's requests but included no substantive responses, saying it would supplement with responses at some unspecified point in the future. After Sublime responded that

produce a single document responsive to the requests or provide any timeline for when productions will be substantially or fully complete, even though the parties are now two months into a five-month fact discovery period. At the current rate, the government will have manufactured an inability to meet this Court's deadline to complete fact discovery, especially given that Sublime cannot meaningfully take depositions until it receives the productions.

In the parties' last status report, Sublime asked the Court to set a deadline of October 29 for the government's initial production and a deadline of November 13 for completion of production, to ensure that Sublime had adequate time to review the documents, bring any issues to the Court's attention, and have those issues resolved before proceeding to depositions ahead of the February 9, 2027 close of fact discovery. *See* 10/9/2026 JSR, Dkt. 31 at 2–4. The Court directed the parties to "continue to confer in good faith" and noted that it would "again consider whether to set additional deadlines" after reviewing this status report. 10/20/2026 Minute Order.

Given the lack of any progress on productions or timeline for their completion, Sublime respectfully again requests that the Court set deadlines for the government's production of responsive documents. Sublime proposes that the government be required to produce an initial set of documents no later than November 13 and complete its production no later than November 30. Sublime will request additional relief on the other discovery issues outlined in this update in Sublime's forthcoming motion to compel.

---

the government's blanket objections were inappropriate, the government finally produced substantive interrogatory responses on November 5, and even those are deficient.

**Defendant's Positions**

**I. Defendant's Discovery**

Following the parties' October 9, 2026 joint status report, ECF No. 31, defendant provided its responses to plaintiff's requests for production on October 21, 2026; provided its written objections to plaintiff's interrogatories on October 28, 2026; and provided its response to the interrogatories on November 5, 2026. Defendant has additionally begun collecting and reviewing documents to facilitate upcoming productions, and projects to send its first production of documents by next Wednesday, October 18, which has already been represented to plaintiff.

On Sunday, November 1, 2026, eleven days after defendant served its responses to plaintiff's requests for production, plaintiff sent defendant a discovery letter disputing defendant's objections and seeking specific positions on various production requests. Plaintiff's letter requested that defendant provide its discovery positions on plaintiff's six-page single-spaced discovery letter by the next day, November 2, and that the parties meet and confer by the end of the week.

Undersigned counsel, however, was on work-related travel from Sunday, November 1 through Wednesday, November 4, 2026, and thus, even if plaintiff's expedited deadlines were reasonable, counsel could not feasibly prepare a response within plaintiff's desired timeframe. Although not acknowledged in plaintiff's section of this joint status report, on November 2, 2026, defendant's counsel promptly advised counsel for plaintiff that he was on work travel and unable to immediately respond. Counsel for defendant began investigating plaintiff's November 1 letter on November 5, his first day back in the office, but had additional case responsibilities on return, including providing plaintiff with interrogatory responses. On Thursday, November 5,

defendant's counsel suggested that the most efficient course of action was to allow defendant a few more days to respond in writing and then meet and confer the week of November 9.

The next morning, Friday, November 6, counsel for defendant was, through no action or inaction of his own, fully locked out of his computer until evening. Though counsel briefly regained computer access from Friday night until Saturday evening, he was again entirely unable to access his computer from Sunday until roughly 2 p.m. Monday. Accordingly, on both Saturday evening and Monday defendant advised plaintiff that meeting plaintiff's desired discovery response deadline was untenable, but that defendant would send a written response to plaintiff's discovery letter within this week—i.e., within two weeks of plaintiff serving its November 1 discovery letter—which could then facilitate a prompt meet and confer on any remaining disputes, should plaintiff find it appropriate.

## II. Other Matters for the Court's Consideration

Plaintiff raises a number of additional issues in its prospective filing—many of which are simply inaccurate—that defendant cannot reasonably address within the context of this joint status report. As with the last joint status report, ECF No. 31, plaintiff has sprung what is essentially a discovery motion on the government in the joint status report, on the date that the joint status report is due, today not until 7:41 p.m. For example, once again defendant had not been apprised of plaintiff's attempts to impose November 13 and November 30 discovery deadlines until receiving plaintiff's prospective filing this evening. As a practical matter, defendant cannot substantively address all of the issues that plaintiff presents on the day of a filing, and cannot reasonably facilitate the supervisory review of this type of prospective filing on such short turnaround. Moreover, by advocating for substantive relief through a joint status

report on the day of a filing, plaintiff essentially requires defendant to respond to a discovery motion on the night it was presented, rather than within the typical 14-day response period.

* * *

The parties will submit their next joint status report on December 9, 2026.

Dated: November 9, 2026

Respectfully submitted,

/s/ Daniel F. Jacobson
Daniel F. Jacobson
John Robinson
Brian C. Rosen-Shaud
JACOBSON LAWYERS GROUP PLLC
5100 Wisconsin Ave. NW, Suite 301
Washington, DC 20016
Tel: (301) 823-1148
john@jacobsonlawyersgroup.com

*Counsel for Plaintiff*

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

CORINNE A. NIOSI
Assistant Director

/s/ Matthew D. Lewis
MATTHEW D. LEWIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
(202) 880-6321
matthew.lewis@usdoj.gov